UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

KOLBY DUCKETT, DAVID )
SCHILLING and DAVID )
HOLLOWAY, )
 )
      Plaintiffs, )
 ) No. 1:19-cv-00295
v. )
 ) Judge Christopher H. Steger
CHIEF BRIAN HICKMAN, )
TED ROGERS and THE CITY )
OF COLLEGEDALE, TENNESSEE, )
 )
      Defendants. )

## SCHEDULING ORDER

Pursuant to Fed. R. Civ. P. 16(b) a scheduling conference was held in this case on February 28, 2020. Present representing Plaintiffs were attorneys Bryan Hoss and Janie Parks Varnell. Present representing Defendants Ted Rogers and City of Collegedale, Tennessee, was attorney Aaron Wells. Present representing Defendant Brian Hickman were attorneys Benjamin Lauderback and Brian Bibb. The following actions were taken.

    1.    **Jurisdiction.** This Court has original jurisdiction based upon 28 U.S.C. § 1331 (federal question jurisdiction). Subject matter jurisdiction is not in dispute.

    2.    **Consent to Magistrate Judge.** The parties consent that all proceedings in this case may be conducted by United States Magistrate Judge Christopher H. Steger in accordance with 28 U.S.C. § 636(c)[Doc. 22].

    3.    **Settlement/Alternative Dispute Resolution.** The possibility of settlement is unknown at this time. The parties were encouraged to mediate this case.

    4.    **Scheduling Deadlines.** The following scheduling deadlines shall be observed by

the parties and will be altered only upon further order of the Court either at the Court's own initiative or upon motion of a party supported by good cause.

a. **Fed. R. Civ. P. 26(f) Meeting and Discovery Plan.** The parties participated in a Rule 26(f) discovery planning conference on January 15, 2020, and filed a Joint Report of Rule 26(f) Discovery Planning Meeting as required by Rule 26(f) of the Federal Rules of Civil Procedure [Doc. 19].

b. **Initial Disclosures.** The parties agreed to exchange the disclosures required by Rule 26(a)(1) by **January 30, 2020**.

c. **E-Discovery.** The parties shall confer regarding electronically stored information or documents pursuant to Rule 26(f)(3)(C). It is expected that the parties will comply with all applicable rules of civil procedure relating to electronic discovery, including Rules 26(a)(1)(A)(ii), 33(d), 34(a) and (b), and 45. The parties are directed to confer and cooperatively address all issues relating to electronically stored information, including claims of attorney-client privilege or work-product protection.

d. **Expert Testimony.** Disclosure of any experts and expert testimony in accordance with Fed. R. Civ. P. 26(a)(2) shall be made by plaintiff on or before **February 5, 2021,** and by defendant on or before **March 5, 2021**. Such disclosures shall include any required written report pursuant to Fed. R. Civ. P. 26(a)(2)(B), and/or any required statement for experts not specially retained pursuant to Fed. R. Civ. P. 26(a)(2)(c).

e. *Daubert* **Hearing.** If at any time it appears that a *Daubert* hearing may be necessary to determine the admissibility of expert testimony, the parties shall notify the Court as soon as possible, but in no event later than **May 14, 2021,** of the potential need for a hearing.

f. **Joinder of Parties and Amendments to the Pleadings.** If any party wishes to join one or more additional parties or amend its pleadings, such joinder or motion for leave to amend shall be filed by **March 5, 2021**.

g. **Final Witness List.** On or before **March 26, 2021**, the parties shall provide to all other parties a final witness list in accordance with Fed. R. Civ. P. 26(a)(3)(A)(i).

h. **Discovery Deadline.** All discovery, including the taking of depositions for evidence, shall be completed by **April 16, 2021**.

i. **Dispositive Motions.** All *Daubert* and dispositive motions under Fed. R. Civ. P. 12, and all motions for summary judgment pursuant to Fed. R. Civ. P. 56, shall be filed as soon as possible after appropriate discovery has been completed, but no later than **May 14, 2021**. The failure to timely file such motions will be grounds to

summarily deny them. As discussed in his judicial preferences available on the Court's website, Judge Steger does not permit the filing of Statements of Undisputed Material Facts and will summarily disregard them.

j. **Final Pretrial Disclosures.** On or before **July 13, 2021**, the parties shall make the pretrial disclosures specified in Fed. R. Civ. P. 26(a)(3)(A)(ii) and (iii). (Deposition testimony and exhibit list). All deposition testimony to be offered into evidence must be disclosed to all other parties on or before this date. Each party will have ten (10) days after service to object to witnesses or exhibits.

k. **Motions in Limine.** Any motions in limine must be filed no later than **August 24, 2021**.

l. **Special Requests for Jury Instructions.** Each party shall submit jury instructions for each cause of action and for each affirmative defense to be litigated at trial. The instructions shall set forth each element to be proved, who must prove it, and by what standard of proof it must be proved. Each party shall also submit instruction(s) as to each type of relief and damages sought and a proposed verdict form. Such proposed instructions and verdict form, in addition to any other special instructions the parties wish to submit, shall be submitted to the Court no later than **August 24, 2021,** and shall be supported by citations of authority pursuant to Local Rule 7.4. Each party shall send a copy of the prepared jury instructions as an electronic mail attachment in Word-compatible format to steger_chambers@tned.uscourts.gov. There is reserved to counsel for the respective parties the right to submit supplemental requests for instructions during the course of the trial or at the conclusion of trial upon matters that cannot be reasonably anticipated.

m. **Courtroom Technology.** At least five (5) days before the final pretrial conference, the parties shall disclose to one another and to the Court the technology they intend to use in the courtroom during the trial and how they intend to use it (*e.g.*, display equipment; data storage, retrieval, or presentation devices). This disclosure shall identify: (1) equipment they intend to bring into the courtroom to use; and (2) equipment supplied by the Court which the parties intend to use. Further, the parties shall also disclose to one another the content of their electronic or digital materials and shall confirm the compatibility of their planned use of technology with the Court's equipment. General information on equipment supplied by the Court is available on the Eastern District of Tennessee website (www.tned.uscourts.gov). Specific questions about Court-supplied equipment should be directed to the presiding judge's courtroom deputy (directory available on website).

n. **Final Pretrial Conference**. A final pretrial conference will be held in this case on **August 31, 2021, at 2:00 p.m. (Eastern Time)**. The parties shall prepare and submit a final pretrial order to the Court on or before the date of the final pretrial conference.

o. **Trial**. The trial of this case will be held before the undersigned United States

Magistrate Judge and jury beginning on **September 14, 2021.** The trial is expected to last **7 days**. Counsel shall be present at **9:00 a.m.** to take up any preliminary matters which may require the Court's attention. The parties shall be prepared to commence trial at 9:30 a.m. on the date which has been assigned. Should the scheduled trial date change for any reason, the other dates contained in this order shall remain as scheduled. Should the parties desire a change in any of the dates contained in this scheduling order, they should file a motion and seek an order changing such dates.

**ENTER.**

/s/ *Christopher H. Steger*
UNITED STATES MAGISTRATE JUDGE