IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| KOLBY DUCKETT, <br> DAVID SCHILLING, and <br> DAVID HOLLOWAY, <br><br> Plaintiffs, <br><br> v. <br><br> CHIEF BRIAN HICKMAN, individually, <br> and in his official capacity as the Police <br> Chief of the City of Collegedale, <br><br> TED ROGERS, individually, and in <br> his official capacity as the City Manager <br> of the City of Collegedale, and <br><br> THE CITY OF COLLEGEDALE, TENNESSEE, <br> a municipality. <br><br> Defendants. | Docket No. 1:19-cv-00295 <br><br><br> JURY DEMAND |

## PLAINTIFFS' RESPONSE IN OPPOSITION TO CURTIS BOWE'S MOTION TO QUASH SUBPOENA

**COME NOW,** the Plaintiffs, by and through undersigned counsel, and hereby file their Response in Opposition to Curtis Bowe's Motion to Quash Subpoena. In response, the Plaintiffs would respectfully assert as follows:

**A. Curtis Bowe has filed a motion to quash on only one of two subpoenas executed on behalf of the Plaintiffs.**

On November 3rd, 2020, the Plaintiffs filed a Motion to Compel to Curtis Bowe (Doc. 65) in regards to two subpoenas: a May 1, 2020 Subpoena for the Production of Documents (Doc. 29)

1

and an August 12, 2020 Subpoena to Testify at a Deposition (Doc. 54). Mr. Bowe's Motion to Quash only addresses the Subpoena to Testify at a Deposition and does not mention the Subpoena for Production of Documents. The Plaintiffs, therefore, reallege and reassert all arguments as fully set forth in their Motion to Compel and moves the Court to enter an Order requiring Mr. Bowe to respond to the Subpoena for Production of Documents.

**B. Curtis Bowe's Motion to Quash should be denied as it was untimely filed pursuant to Rule 45 of the *Federal Rules of Civil Procedure.***

As stated above, Mr. Bowe has only filed a Motion to Quash on one of two properly executed subpoenas. The Motion to Quash the Subpoena to Testify at a Deposition was untimely filed pursuant to Rule 45. Rule 45 (d)(3) states that "on *timely* motion, the Court for the district where compliance is required must quash or modify a subpoena that… (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies."

As stated in Plaintiffs' Motion to Compel to Curtis Bowe (Doc. 65), Mr. Bowe was served with the Subpoena to Produce Documents (of which he has not moved to quash) on May 1, 2020. Counsel repeatedly accommodated Mr. Bowe's requests for an extension into late summer 2020. The last communication received by Mr. Bowe regarding the Plaintiffs' subpoena to produce documents was received on August 3, 2020. At no point in those conversations did Mr. Bowe raise privilege or the intention of filing a Motion to Quash. Again, no motion to quash has been filed on the Subpoena to Produce Documents, but in the event the Court considers both subpoenas, the Motion to Quash was untimely filed over three months after Mr. Bowe assured counsel that he was gathering documents to provide by the end of the week.

Regarding the Subpoena to Testify at a Deposition, Mr. Bowe waited until the day of his scheduled deposition to inform counsel that he was asserting a potential issue with Attorney-Client Privilege. That date was September 11, 2020. On September 16, 2020, counsel for Chief Hickman

2

Case 1:19-cv-00295-CHS   Document 69   Filed 11/12/20   Page 2 of 8   PageID #: 303

sent correspondence to Mr. Bowe inquiring as to when he might file a Motion to Quash the Subpoenas to Produce Documents and to Testify at a Deposition. Mr. Bowe responded to that email on September 18, 2020 indicating that he had retained John Cavett to represent him. After several days without a Motion to Quash, counsel reached out to Mr. Cavett regarding the timeline for filing a Motion to Quash. Mr. Cavett indicated it would be within a few days.

As of November 3, 2020, almost a month from the last communication with Mr. Cavett, no Motion to Quash had been filed. In fact, the Plaintiffs had to file a Motion to Compel in order for Mr. Bowe to formally assert this broad claim of privilege in writing and file a Motion to Quash. This filing is clearly untimely according to the *Federal Rules of Civil Procedure* and should be denied on that basis alone.

**C. Mr. Bowe's assertion that all communications that are responsive to the Subpoena for Production of Documents and the Subpoena to Testify at a Deposition are protected from disclosure due to Attorney-Client privilege is inconceivable given the facts, and if true, amounts to a violation of the *Tennessee Rules of Professional Conduct.***

Mr. Bowe asserts that, even though at all material times, he was functioning as a reserve officer rather than an attorney, he considered "*each* conversation to be protected by the confidentiality rules he was required to follow as an attorney." *See* Doc. 68. Mr. Bowe's assertion that every single conversation he had with Chief Hickman, Ted Rogers, Sgt. Jamie Heath, Lt. Jack Sapp, Sgt. Mike Westfield, the three Plaintiffs, and others regarding a potential quote, performance standards, the employment of the three plaintiffs, is privileged is almost too inconceivable to address. Mr. Bowe is a part-time police officer with the City of Collegedale who also happens to be an attorney. He is in direct communication, as a police officer, with several fellow employees with the City of Collegedale every day.

To now equate his everyday conversations with his police officer coworkers with protected prospective client conversations assumes an attorney-client relationship when one simply does not exist. A relationship of a client and lawyer arises when:

(1) a person manifests to a lawyer the person's intent that the lawyer provide legal services for the person; and either

    a.    The lawyer manifests to the person consent to do so; or
    b.    The lawyer fails to manifest lack of consent to do so, and the lawyer knows or reasonably should know that the person reasonably relies on the lawyer to provide the services; or

(2) a tribunal with power to do so appoints the lawyer to provide the services.

*State v. Jackson*, 444 S.W.3d 554 (Tenn. 2014) citing *Restatement (Third) of the Law Governing Lawyers* § 14(2000).

The attorney-client relationship is consensual and, significantly, it arises only when *both the attorney and the client have consented* to its formation. *Akins v. Edmondson*, 207 S.W.3d 300, 306 (Tenn. Ct. App. 2006). An attorney-client relationship does not arise unless the potential client has a reasonable expectation that the lawyer is willing to assent to the formation of the relationship. *Jackson*, 444 S.W.3d at 599, citing *Tenn. Sup. Ct. R.* 8, *Rules of Professional Conduct* 1.18, cmt. 2 (Duties to Prospective Client).

Where an attorney is also a friend of the potential client, "the lawyer-friend must be giving advice as a lawyer and not as a friend in order for the privilege to attach." *Jackson*, 444 S.W. 3d at 600 citing *Jones v. United States,* 828 A.2d 169, 175 (D.C.Cir. 2003). *See also United States v. Tedder,* 801 F.2d 1437, 1441–43 (4th Cir.1986) (holding that where a defendant confided in a friend who was also a partner at his law firm and whose family members were charged in the same matter, no attorney privilege applied); *Prichard v. United States,* 181 F.2d 326, 328–30 (6th Cir.1950) (holding that where a person consults with an attorney in his capacity as a friend, the privilege does not apply); *Lanci v. Arthur Andersen LLP,* No. 96 CIV. 4009(WK), 1998 WL

409776, at *1 (S.D.N.Y. July 21, 1998) ("[T]he privilege does not apply if the lawyer is acting as a friend, relative, accountant or agent.") (quoting Joseph M. McLaughlin, 3 *Weinstein's Federal Evidence,* § 503.13[3][a] (2d ed.1998)); *G & S Invs. v. Belman,* 145 Ariz. 258, 700 P.2d 1358, 1365 (Ariz.Ct.App.1984) ("The privilege does not apply where one consults an attorney not as a lawyer but as a friend or business advisor."). "Speaking in confidence is not enough; 'where one consults an attorney not as a lawyer but as a friend or as [an] ... adviser ... the consultation is not professional nor the statement privileged.'" *State v. Gordon,* 141 N.H. 703, 692 A.2d 505, 507 (1997) (alterations in original) (quoting K. Broun et al., *McCormick on Evidence* § 88, at 322–24 (J. Strong ed., 4th ed.1992)).

At this point of the case, the parties have conducted multiple sets of written discovery, they have conducted several depositions of the Plaintiffs and fact witnesses and issued numerous subpoenas for the production of documents. The Plaintiffs' subpoena to Curtis Bowe for the production of documents was executed in May 2020. At no point have any of the Defendants or the members of the administration mentioned above voiced an objection to this subpoena, filed a motion to quash, or in any way asserted that there was an attorney client relationship between Mr. Bowe and these defendants/witnesses. The Court should interpret this silence or inaction as an implied waiver of any privilege that may have existed. *In re Lott,* 424 F.3d 446, 452 (6th. Cir. 2005) ("a *client* may waive the privilege by conduct which implies a waiver of the privilege), emphasis added.

Nevertheless, it is the Plaintiffs' belief that Mr. Bowe is a fact witness to this case. If this Court is to believe Mr. Bowe, then members of his chain of command, his *supervising Sergeant and Lieutenant* and executives in the city administration sought legal counsel from a part-time

5

officer at the same time that Mr. Sam Elliott was also providing competent legal counsel as the retained City Attorney for the City of Collegedale.

Mr. Bowe is the only individual, to date, who has alleged any prospective or actual attorney-client relationship between himself and Chief Hickman, Ted Rogers, Lt. Sapp, Sgt. Heath, Sgt. Westfield, the Plaintiffs, or any Commissioner. He cannot be permitted to assert attorney-client relationships that do not exist. Where there is no attorney-client relationship, there is no privilege.

### D. Mr. Bowe has not complied with Rule 45(e)(2) of the *Federal Rules of Civil Procedure*.

Rule 45(e)(2) of the *Federal Rules of Civil Procedure* requires a person withholding subpoenaed information under a claim that it is privileged or subject to protection must (1) expressly make the claim and (2) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim. Mr. Bowe has broadly claimed that each conversation he had with the Plaintiffs, Defendants, and multiple other City officials are privileged communications. This is not remotely true and does not comply with the requirements as set forth by the rules of this Court.

Mr. Bowe has provided no specific examples of potentially protected communications, has only painted a broad claim of privilege, and has failed to abide by the specific requirements of multiple *Federal Rules of Civil Procedure*.

For the above-articulated reasons, the Plaintiffs respectfully pray that the Court **DENY** Mr. Bowe's untimely filed Motion to Quash, **GRANT** the Plaintiffs' Motion to Compel and enter an Order compelling Mr. Bowe to respond to the Subpoena to Produce Documents as well as the Subpoena to Testify at a Deposition.

6

Case 1:19-cv-00295-CHS   Document 69   Filed 11/12/20   Page 6 of 8   PageID #: 307

Respectfully submitted,

**DAVIS & HOSS, P.C.**

\s\ Janie Parks Varnell
Janie Parks Varnell, BPR #031256
Bryan H. Hoss, BPR #021529
*Attorneys for the Plaintiffs*
850 Fort Wood Street
Chattanooga, TN 37403
(423) 266-0605
(423) 266-0687 – Fax
janie@davis-hoss.com
bryan@davis-hoss.com

7

## CERTIFICATE OF SERVICE

      I hereby certify that a copy of the foregoing pleading was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U. S. mail. Parties may access this filing through the Court's electronic filing system.

Benjamin K. Lauderback
Brian Bibb
**WATSON, ROACH, BATSON, & LAUDERBACK**
900 S. Gay Street, Suite 1500
P.O. Box 131
Knoxville, TN 37901-0131
*Attorneys for Chief Brian Hickman*

Keith H. Grant
Philip Aaron Wells
**ROBINSON, SMITH & WELLS, PLLC**
Suite 700, Republic Centre
633 Chestnut Street
Chattanooga, TN 37450
*Attorneys for City of Collegedale and City Manager Ted Rogers*

John Cavett
**CAVETT, ABBOTT, & WEISS, PLLC**
801 Broad Street, Suite #428
Chattanooga, TN 37402
*Attorney for Curtis Bowe*

This the 12th day of November, 2020.

                                                              s/Janie Parks Varnell

8

Case 1:19-cv-00295-CHS   Document 69   Filed 11/12/20   Page 8 of 8   PageID #: 309