IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

KOLBY DUCKETT, DAVID SCHILLING,
and DAVID HOLLOWAY,

    Plaintiffs,

v.                                           No. 1:19-cv-00295

CHIEF BRIAN HICKMAN, TED ROGERS,
and THE CITY OF COLLEGEDALE,
TENNESSEE,

    Defendants.

## RESPONSE TO CURTIS BOWE'S MOTION TO QUASH

Defendant Chief Brian Hickman hereby appears, by and through counsel, and for his Response to non-party Curtis Bowe's Motion to Quash Subpoena and Memorandum in Support thereof (Doc. 66-67), would state as follows:

This employment matter arises out of the termination of the employment of three Collegedale Police Department officers in September of 2019. The Defendants assert that the Plaintiffs were terminated for legitimate nondiscriminatory reasons. The Plaintiffs assert that they were terminated because of protected speech or activities. The parties are in the process of completing voluminous discovery. This case is currently set for trial on September 14, 2021. The discovery deadline in this case is set to expire on April 16, 2021.

As a part of a series of subpoenas in this case, three subpoenas were served on non-party Curtis Bowe. The first was served on May 6, 2020 by Plaintiffs' counsel (Doc. 29) seeking production of communications with various members of the administration of the City of Collegedale Police Department, including Chief Brian Hickman. The second was served on June 1, 2020 by Chief Hickman and seeks the production of documents and communications between

Curtis Bowe and the three Plaintiffs. (Doc. 34). The final subpoena was served on August 12, 2020 by Plaintiffs seeking Curtis Bowe's testimony at a deposition on August 17, 2020. (Doc. 54).

Curtis Bowe is an attorney practicing in Chattanooga, Tennessee. He also is a reserve police officer for the City of Collegedale. Upon information and belief, Mr. Bowe had numerous conversations with various parties to this case in the form of oral conversations, text messages, and emails. While this Defendant lacks specific knowledge as to the scope or exact topics of said conversations, he has reason to believe that Mr. Bowe discussed discoverable information with the three Plaintiffs based on document production and testimony from the Plaintiffs.

As set out by this Defendant in his contemporaneously filed Motion to Compel, good faith communications were exchanged between Mr. Bowe and various attorneys involved in this case over the summer and into the early fall of 2020. This culminated in a phone conversation during the deposition of Jamie Heath in which Mr. Bowe informed involved counsel, for the first time, that he did not feel that he could comply with any of the issued subpoenas without violating the Rules of Professional Conduct. The Plaintiffs have also filed a Motion to Compel (Doc. 65). Mr. Bowe's Motion to Quash is targeted at only one of the three pending subpoenas, the deposition subpoena served on him on or about August 14, 2020[1]. The Motion to Quash does not seek relief from the two previous subpoenas for document production.

## LAW AND ARGUMENT

Fed. R. Civ. P. 45(d)(3)(iii) allows a subpoena to be quashed or modified if it requires disclosure of privileged or other protected matter. Mr. Bowe does not make any other arguments pursuant to the terms of Rule 45.

---

[1] The subpoena return filed by Plaintiffs' counsel indicates it was served on August 17, 2020 (Doc. 54), but the distinction is immaterial.

In his Memorandum in Support of his Motion to Quash (Doc. 67), Mr. Bowe argues that he had various conversations with members of the Collegedale Police Department about various issues relevant to this case that constituted legal advice. (Doc. 67, pgs. 1-2). At this juncture, there is simply insufficient information to allow Defendant Hickman to make a meaningful response. Mr. Bowe has raised a number of issues, including: (1) whether he was acting as a co-worker, reserve officer, or attorney at the time he had discussions; (2) whether the topics of discussions were protected by attorney client privilege; (3) whether there was an agreement, explicit or otherwise, to act in the capacity of an attorney regardless of the absence of any fee or compensation; and (4) whether there was a clear communication or understanding of the nature and scope of the attorney client relationship and protected status of communications.

These are weighty questions and concerns, to be sure, but Mr. Bowe has provided insufficient information from which Defendant Hickman can evaluate the claim of privilege and the validity of any assertion. Moreover, Mr. Bowe's failure to timely assert these privileges has worked prejudice on Defendant Hickman, along with all parties to this case, because he was not aware of this privilege assertion at the time party depositions were conducted and was unable to address these claims and the relationships in detail during those depositions. Certainly some of Mr. Bowe's assertions could have been address in that forum if these concerns had been raised at the appropriate juncture.

As set out more fully in his contemporaneously filed response to the Plaintiffs' Motion to Compel, Chief Hickman had certain privileged communications with Mr. Rowe, and reserves the right to assert that privilege over potential testimony, documents, or communications sought by the Plaintiffs.

3

In terms of the relief requested by Mr. Bowe, this Defendant asserts it would be overly broad to completely quash the subpoena for testimony. Defendant Hickman submits that this Court should either: (1) deny the Motion to Quash given the lack of specific proof of the nature, contours, and limits of the privilege asserted and the lateness of the assertion of that privilege; or (2) compel Mr. Bowe to offer testimony on all non-privileged topics, and to respond to questioning on the specific conditions and facts surrounding the allegedly privileged conversations to allow the parties to evaluate those claims; or (3) to offer testimony at a hearing, *in camera* if necessary, prior to final adjudication of this Motion to allow the parties to question Mr. Bowe and the Court to judge for itself the validity of the asserted privileges.

RESPECTFULLY SUBMITTED this 12th day of November, 2020.

**CHIEF BRIAN HICKMAN**

By: /s/ Brian R. Bibb
BENJAMIN K. LAUDERBACK, BPR No. 020855
BRIAN R. BIBB, BPR No. 031024
WATSON, ROACH, BATSON &
LAUDERBACK, P.L.C.
900 S. Gay St., Suite 1500
Knoxville, TN 37902

## **CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the foregoing pleading was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U. S. mail. Parties may access this filing through the Court's electronic filing system.

| | |
|---|---|
| Janie Parks Varnell | Keith Grant |
| Bryan H. Hoss | Philip Aaron Wells |
| DAVIS & HOSS, P.C. | ROBINSON, SMITH & WELLS, PLLC |
| 850 Fort Wood Street | 633 Chestnut Street, Suite 700 |
| Chattanooga, Tennessee 37403 | Chattanooga, TN 37450 |

      Dated this 12th day of November, 2020.

                                      /s/ Brian R. Bibb
                                      BENJAMIN K. LAUDERBACK
                                      BRIAN R. BIBB