# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TENNESSEE
# AT CHATTANOOGA

KOLBY DUCKETT, DAVID SCHILLING,
and DAVID HOLLOWAY,

    Plaintiffs,

v.

                                            No. 1:19-cv-00295

CHIEF BRIAN HICKMAN, TED ROGERS,
and THE CITY OF COLLEGEDALE,
TENNESSEE,

    Defendants.

## DEFENDANT CHIEF BRIAN HICKMAN'S MOTION TO COMPEL
## AS TO NON-PARTY CURTIS BOWE

Defendant Chief Brian Hickman hereby appears, by and through counsel, and moves this Court for an Order pursuant to Fed. R. Civ. P. 26 and 37, compelling full production and compliance with a subpoena for documents served upon non-party Curtis Bowe on or about June 1, 2020. (Doc. 34, Page ID #169-174). That subpoena duces tecum sought production of the following information:

> Any and all documents related to the above-referenced matter, including any text, written or email communications with Kolby Duckett, David Schilling or David Holloway between January 1, 2018 and the present, and any documents prepared for or on behalf of the City of Collegedale, the City of Collegedale Police Department or Chief Brian Hickman. (Doc. 34, Page ID #169).

The subpoena set June 29, 2020, as the original date of production. (Id.). As of the date of the filing of this Motion, Mr. Bowe has not complied with the subpoena.

Curtis Bowe is an attorney practicing in Chattanooga, Tennessee, but is also a reserve police officer for the City of Collegedale. Upon information and belief, Mr. Bowe has discoverable documents in his possession including text messages and emails. A portion of said text messages

were produced by the Plaintiffs pursuant to discovery requests. In order to collect discoverable information, Mr. Bowe was served with a subpoena for documents in his possession that may be relevant to this case.

As stated above, Mr. Bowe was served on or about June 1, 2020. In mid-June, counsel for Chief Hickman had a phone conversation with Mr. Bowe. Mr. Bowe indicated he would need some additional time to respond to the subpoena. Counsel for Chief Hickman informed Mr. Bowe that would not be an issue. On July 9, 2020, counsel for Chief Hickman emailed Mr. Bowe asking for an update on the status of the production pursuant to the subpoena. (Exhibit A). Having heard no response, counsel for Chief Hickman sent Mr. Bowe a letter on July 17, 2020, again inquiring as to the status of the production pursuant to the subpoena. (Exhibit B).

Counsel for Chief Hickman and Mr. Bowe spoke by phone on Friday, August 21, 2020. Counsel for Chief Hickman emphasized that party depositions were scheduled the following week and that it was critical that these documents be received prior to those depositions commencing so that all relevant information could be considered during those depositions.

Still having heard no response, and with party depositions ongoing, counsel for Chief Hickman contacted Mr. Bowe again by email, fax and U.S. Mail on August 27, 2020, emphasizing the urgency of the need for the documents and indicating that counsel for Chief Hickman would have no choice but to seek relief from the Court if responsive documents were not provided. (Exhibit C).

The following day, on August 28, 2020, while counsel for Chief Hickman was in ongoing party depositions in this case, Mr. Bowe contacted his legal assistant requesting a phone call. Counsel for Chief Hickman contacted Mr. Bowe on his cell phone and at his office, but was unable to make contact with him.

On September 2, 2020, Mr. Bowe sent an email to counsel for Chief Hickman and counsel for the Plaintiffs providing a partial response to Chief Hickman's subpoena attaching a series of four emails with Plaintiff David Holloway. (Exhibit D).

During the deposition of Jamie Heath on September 10, 2020, all involved counsel participated in a phone call with Mr. Bowe at which time he disclosed, for the first time, that some of the requested documents or his requested testimony might be subject to attorney/client privilege. He also disclosed that he had some preliminary conversations with the Tennessee Board of Professional Responsibility about this issue. He indicated it was his intent for file a Motion to Quash. Having received no Motion, counsel for Chief Hickman sent a letter via email to Mr. Bowe on September 16, 2020, asking that such a Motion be promptly filed given the upcoming depositions and pending discovery deadlines. (Exhibit E). In response to this emailed letter, Mr. Bowe indicated that he had retained individual counsel and who would be filing a Motion to Quash on his behalf. (Exhibit F). The same was not immediately forthcoming, though Mr. Bowe eventually filed his Motion to Quash on November 3, 2020. (Docs. 66-67). However, Mr. Bowe does not seek relief from this subpoena (Doc. 34) in that Motion.

While counsel for Chief Hickman has set out his position as to Mr. Bowe's Motion to Quash in a contemporaneously filed Response to that Motion, Chief Hickman files the instant Motion to Compel for the purpose of ensuring that all issues relevant to Mr. Bowe's production and testimony are properly before this Court. Counsel for the Plaintiffs has also filed a Motion to Compel on their subpoenas for documents and testimony. (Doc. 65). Therefore, to the extent this Court considers compelling the production of documents pursuant to the Plaintiffs' subpoenas, Defendant Chief Brian Hickman seeks an order from this Court pursuant to Rules 26 and 37 of the

Federal Rules of Civil Procedure compelling production by Mr. Bowe of relevant communications with the Plaintiffs regarding the issues to be decided in this case.

For the reasons set out herein, Defendant Chief Brian Hickman's Motion to Compel should be granted, and an appropriate order should be entered.

RESPECTFULLY SUBMITTED this 12th day of November, 2020.

**CHIEF BRIAN HICKMAN**

By: /s/ Brian R. Bibb, BPR No. 031024
BENJAMIN K. LAUDERBACK, BPR No. 020855
BRIAN R. BIBB, BPR No. 031024
WATSON, ROACH, BATSON & LAUDERBACK, P.L.C.
900 S. Gay St., Suite 1500
Knoxville, TN 37902

**CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the foregoing pleading was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U. S. mail. Parties may access this filing through the Court's electronic filing system.

| | |
|---|---|
| Janie Parks Varnell | Keith Grant |
| Bryan H. Hoss | Philip Aaron Wells |
| DAVIS & HOSS, P.C. | ROBINSON, SMITH & WELLS, PLLC |
| 850 Fort Wood Street | 633 Chestnut Street, Suite 700 |
| Chattanooga, Tennessee 37403 | Chattanooga, TN 37450 |

      Dated this 12th day of November, 2020.

                                        /s/ Brian R. Bibb
                                        BRIAN R. BIBB