IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| KOLBY DUCKETT, | * | |
| DAVID SCHILLING, and | * | |
| DAVID HOLLOWAY, | * | |
| | * | |
| Plaintiffs, | * | |
| | * | |
| v. | * | |
| | * | Docket No. 1:19-cv-00295 |
| CHIEF BRIAN HICKMAN, individually, | * | |
| and in his official capacity as the Police | * | |
| Chief of the City of Collegedale, | * | |
| | * | |
| TED ROGERS, individually, and in | * | |
| his official capacity as the City Manager | * | |
| of the City of Collegedale, and | * | |
| | * | |
| THE CITY OF COLLEGEDALE, TENNESSEE, | * | JURY DEMAND |
| a municipality. | * | |
| | * | |
| Defendants. | * | |

**PLAINTIFFS' FIRST MOTION TO COMPEL TO THE DEFENDANTS**

**COME NOW**, the Plaintiffs, Kolby Duckett (Officer Duckett), David Schilling (Officer Schilling), and David Holloway (Corporal Holloway) by and through their counsel, Davis & Hoss, P.C., pursuant to Rules 26 and 37 of the *Federal Rules of Civil Procedure* and moves the court for an order requiring the Defendants to produce the complete and unredacted TBI investigative file as requested in Plaintiffs' First Set of Interrogatories and Requests for Production. The Plaintiffs would respectfully show as follows:

1. Plaintiffs' First Set of Interrogatories and Requests for Production of Documents to Chief Brian Hickman was served on February 20, 2020.

2. Plaintiffs' First Set of Interrogatories and Requests for Production of Documents to Ted Rogers was served on February 20, 2020.

3. Plaintiffs' First Set of Interrogatories and Requests for Production of Documents to the City of Collegedale was served on February 20, 2020.

4. On March 6, 2020, Defendant Chief Hickman's counsel, Mr. Bibb, provided a partial copy of the TBI investigative file that had been produced in response to subpoena issued on January 9, 2020. However, various statements provided by Sam Elliott (City Attorney) and approximately six (6) emails to which Mr. Elliott was a party were redacted and not included in that production to counsel.

5. Mr. Bibb stated in his correspondence that he withheld certain pages of the report and documents, claiming "attorney/client privilege."

6. On May 11, 2020, Chief Hickman responded to Plaintiffs' First Set of Interrogatories and Requests for Production of Documents.

7. On May 13, 2020, Chief Hickman sent correspondence with supplemental discovery in response to the Requests for Production. However, this included the privilege log of emails that were still not provided due to "attorney/client privilege."

8. On May 15, 2020, the City of Collegedale and Ted Rogers responded to the Plaintiffs' First Set of Interrogatories and Requests for Production of Documents.

9. Shortly after receiving all Defendant's Responses to Plaintiff's Discovery Requests, Ms. Varnell called and spoke to opposing counsel requesting production of the items that had been withheld from both written discovery and the TBI file.

10. Subsequently, Ms. Varnell sent correspondence to all opposing counsel on May 4, 2020 articulating the reasons as to why the redacted portions of the TBI file do not fall under "attorney/client privilege."

11. Following receipt of the May 4, 2020 correspondence, counsel for the Defendants indicated that they could not agree to disclose the requested items and further indicated their anticipation of the filing of the instant motion.

12. All parties participated in extensive discussion and legal research regarding the issues presented in the instant motion. All counsel participated in good faith discussions to try to resolve the issues in the present motion but were unable to come to an agreement.

## LAW AND ANALYSIS

**a. The January 7th and 8th, 2019 emails between Commissioner White, Ted Rogers, Chief Hickman, and City Attorney Sam Elliott are not protected by attorney-client privilege pursuant to *Reed v. Baxter*, 134 F.3d. 351 (6th. Cir. 1998).**

At issue are multiple emails from January 7th and 8th, 2019 between Commissioner Ethan White, City Manager Ted Rogers, Chief Brian Hickman and City Attorney Sam Elliott. Upon information and belief, the substance of those emails is the performance standards that are at the center of the present case. Further, based on the testimony thus far in depositions, these emails involve examination of the December 2018 "Stat Sheet" that was attached as Exhibit A to the Complaint in this matter, and whether the actions of the Department amounted to an illegal quota pursuant to Tennessee law.

Commissioner White, on January 7th, after receiving complaints about the quota from Officers David Schilling and Kolby Duckett and Corporal Bob Bedell, sent photos of the "Stat Sheet" to City Manager Ted Rogers, City Attorney Sam Elliott and Chief Brian Hickman questioning whether city administration was aware of these Stat Sheets.

3

Case 1:19-cv-00295-CHS   Document 74   Filed 11/18/20   Page 3 of 7   PageID #: 343

Commissioner White, as stated below, sent a portion of these emails to more than one individual, freely discussed the content of these emails with multiple outside individuals, including at least one Plaintiff and agents with the Tennessee Bureau of Investigation. Both the City of Collegedale and Chief Hickman have asserted that these emails are protected from disclosure by attorney-client privilege.

In *Baxter*, the Sixth Circuit examined, for the first time, the scope of the attorney-client privilege and its application to municipalities and city attorneys. In that case, an elected councilman was concerned about the racially motivated promotion process of the fire chief. The councilman called a meeting with the City Attorney, Fire Chief, and others to investigate the basis for the promotion. As the Court highlighted, the councilman played no role in the promotion process. Rather, the Councilman called the meeting in order to address the complaints he had received from constituents about the promotion process. Further, the City Attorney's involvement in the meeting, rather than being for purposes of providing legal advice, was more to inquire into the promotion process of the fire chief.

Because the councilmen called the meeting in order to investigate the complaints of others and the actions of the fire and police chiefs, their interests were adverse to the fire and police chief. Therefore, the councilmen were not seen as clients for purposes of the meeting. They were deemed, by the Court, to be third parties, and therefore, anything said in that meeting was not protected by attorney client privilege.

In the present case, the emails on January 7th and 8th, 2019, are similar to *Baxter*. Commissioner White, upon receiving complaints from Collegedale police officers that the City had implemented a quota system and upon learning that Chief Hickman had allegedly consulted

City Attorney Sam Elliott prior to implementing the quota, reached out to City Attorney Elliott and others over email about the concerns he had.

Like *Baxter*, Commissioner White plays no role in Collegedale Police Department policies. He merely wanted to correspond with City administration about complaints he had received from others within the City. His primary focus of these emails was to send proof of the quota to the City Attorney and investigate the decision-making of Chief Hickman and City Manager Rogers. Commissioner White's interests in these emails, much like *Baxter*, are different than City Manager Rogers and Chief Hickman. Therefore, Commissioner White is a third party for purposes of these emails, as well as potentially other emails.

Once Commissioner White is deemed a third party, these emails are not protected by attorney-client privilege, are waived, and are subject to disclosure.

### b. **Commissioner White, if deemed a client of Sam Elliott in the January 7 and January 8, 2019 emails, waived attorney-client privilege to those emails.**

Even if the Court were to decide that Commissioner White is considered a client for purposes of the email correspondence from January 7 and January 8, 2019, as a client, Commissioner White has clearly waived privilege by disclosing the contents of those communications to multiple third parties, including David Schilling, Kolby Duckett, and the entire TBI Investigative unit. Where the client discloses confidential attorney-client communications, the privilege is waived as to all privileged communications on the same subject matter. *Doe v. Hamilton County Board of Education,* No. 1:16-cv-373, 2018 WL 54971 at *3 (E.D.Tenn. January 24, 2018), citing *Anderson v. Clarksville Montgomery County School Board,* 229 F.R.D. 546 (M.D.Tenn. 2005).

Further, upon information and belief, Commissioner White also voluntarily disclosed an email from Sam Elliott to Commissioner White, Chief Hickman, and Ted Rogers on January 7-8,

2019, to the TBI agent during his interview with the TBI. If that is the case, then the entire email and its privilege has been waived pursuant to *In Re Columbia/HCA Healthcare Corporation Billing Practices Litigation*, 293 F.3d 289 (6th. Cir. 2002), holding that client could not selectively waive attorney-client privilege by releasing otherwise privileged documents to government agencies during investigation, but continued to assert privilege as to other parties.

**c.   City Attorney Sam Elliott's voluntary statement to the TBI and any documents he provided to the TBI are not protected by attorney-client privilege.**

The Defendants have also withheld portions of the TBI file that include a statement and a summary of a statement given by City Attorney Sam Elliott to the TBI. This statement was a voluntary statement, City Attorney Elliott was not in custody, was not mirandized, and was not compelled to give a statement. The City of Collegedale consented to City Attorney Elliott providing a statement to a third party about his communications with city employees. It is well established that statements to third parties about privileged communication constitutes a waiver of attorney client privilege. *Id.* at 294. City Attorney Elliott's statement to the TBI is not a privileged statement and should be disclosed.

**WHEREFORE**, the Plaintiffs moves this Court for an order compelling the Defendants to produce the outstanding discovery documents enumerated above and for any further relief to which the Plaintiffs may be entitled.

                                                      Respectfully submitted,

                                                      **DAVIS & HOSS, P.C.**

                                                      \s\ Janie Parks Varnell
                                                      Janie Parks Varnell, BPR #031256
                                                      Bryan H. Hoss, BPR #021529
                                                      *Attorneys for the Plaintiffs*
                                                      850 Fort Wood Street
                                                      Chattanooga, TN 37403
                                                      (423) 266-0605
                                                      (423) 266-0687 – Fax
                                                      janie@davis-hoss.com
                                                      bryan@davis-hoss.com

## CERTIFICATE OF SERVICE

       I hereby certify that a copy of the foregoing pleading was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U. S. mail. Parties may access this filing through the Court's electronic filing system.

Benjamin K. Lauderback
Brian Bibb
**WATSON, ROACH, BATSON, & LAUDERBACK**
900 S. Gay Street, Suite 1500
P.O. Box 131
Knoxville, TN 37901
*Attorneys for Chief Brian Hickman*

Keith H. Grant
Philip Aaron Wells
**ROBINSON, SMITH & WELLS, PLLC**
Suite 700, Republic Centre
633 Chestnut Street
Chattanooga, TN 37450
*Attorneys for City of Collegedale and City Manager Ted Rogers*

Dated this 18th day of November, 2020.

                                                      */s/* Janie Parks Varnell
                                                      JANIE PARKS VARNELL