IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| KOLBY DUCKETT, DAVID SCHILLING, and DAVID HOLLOWAY<br><br>Plaintiff<br><br>v.<br><br>CHIEF BRIAN HICKMAN, individually, and in his official capacity as Chief of the Collegedale Police Department, TED ROGERS, individually, and in his official capacity as City Manager for the City of Collegedale, Tennessee, and THE CITY OF COLLEGEDALE, TENNESSEE<br><br>Defendants | No. 1:19-cv-00295 |

## RESPONSE OF TED ROGERS AND THE CITY OF COLLEGEDALE TO PLAINTIFFS' MOTION TO COMPEL

The Defendants, City Manager Ted Rogers and the City of Collegedale (the "City"), through counsel, and in response to the Plaintiffs' motion to compel (Doc. 74) the production of the entire TBI investigatory file from co-defendant Chief Hickman, hereby adopt and incorporate the response of co-defendant, Chief Brian Hickman, as if fully set forth herein. In addition, Mr. Rogers and the City would show as follows:

1. **The City and Mr. Rogers respectfully submit the following items are protected from disclosure by the attorney-client privilege: (1) email communication between Commissioner White and City Attorney Sam Elliott dated January 7, 2019; (2) email communication between Commissioner White, Attorney Elliott and City Manager Rogers dated January 8, 2019; and (3) Attorney Elliott's TBI interview and any summaries of said TBI interview.**

The Plaintiffs seek production of, among other things, two emails between Commissioner White, City Attorney Elliott and City Manager Rogers. These communications, some of which are duplicative, are contained in the redacted TBI file produced by co-defendant Chief Brian Hickman at CID 70, 71, 73, 74, 75, 76, 77, 92, 93, 131, 132, 133, 138 and 139[1], *see* Exhibit 2. The first email is from Commissioner White to Attorney Elliott inquiring into a legal matter involving the City. The second email is from Elliott to Commissioner White and City Manager Rogers and contains Attorney Elliott's opinion on that matter. The City submits these communications are protected from disclosure by the attorney-client privilege. Further, the City submits Attorney Elliott's TBI interview and any summaries thereof, which contain references to these communications, are also protected by the attorney-client privilege and have not been waived by the City.

As to attorney/client privilege generally, the Sixth Circuit has stated:

> The elements of the attorney-client privilege are as follows: (1) Where legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) unless the protection is waived. *Fausek v. White*, 965 F.2d 126, 129 (6th Cir. 1992) (citing *United States v. Goldfarb*, 328 F.2d 280, 281 (6th Cir. 1964)).

*Reed v. Baxter*, 134 F.3d 351, 355-56 (6th Cir. 1998). The Sixth Circuit holds municipalities can be the holder of attorney-client privilege, stating: "[I]n conversations between municipal officials and the municipality's counsel, the municipality, not any individual officers, is the client." *Ross v. City of Memphis*, 423 F.3d 596, 605 (6th Cir. 2005).

This case concerns performance review standards for Collegedale police officers. Commissioner White testified at his deposition that he first notified Elliott of the performance

---

[1] Chief Hickman's privilege log for the items withheld from the TBI file is attached hereto as Exhibit A. The City has also asserted privilege over the emails at issue contained in the TBI file in the course of discovery.

standards at issue at a commission meeting, which Commissioner White testified was the only time he and Attorney Elliott ever interacted in person on the issue. Exhibit 1, Depo. of Ethan White, p. 52, l. 13 - p. 53, l. 3. In that conversation, Commissioner White represented to Elliott that he had received complaints about an alleged traffic ticket quota from officers and asked Elliot whether he had ever been consulted. *Id.* Thereafter, Commissioner White sent Attorney Elliott an email regarding the legality of the City's actions. Attorney Elliott responded with his legal opinion. It is those email communications, and the TBI investigation wherein those were discussed, that the Plaintiffs are attempting to obtain.

The City contends these communications are clearly protected. Unlike *Baxter*, above, where two council members were deemed third parties in a conversation involving the city attorney where the council members inquired about a promotion process for the fire chief, the City submits, as demonstrated by Commissioner White's deposition testimony, that the entire purpose behind Commissioner White's email communication with Elliott was to receive a legal opinion for the City as to whether the City's actions were lawful. See *Baxter*, 134 F.3d at 357; See also Exhibit 1, Depo. of Ethan White, p. 50, l. 19 - p. 67, l. 3. In other words, Commissioner White was not communicating with Elliott for the purpose of investigating the reasons or intent behind the issue, but simply whether it was lawful.

Similarly, Elliott's responsive emails were made for the purpose of providing legal advice. In fact, his January 8, 2019, email to Commissioner White and City Manager Rogers, cannot be interpreted as anything other than providing legal advice. Further, unlike *Baxter*, there is no indication that Commissioner White's interests were adverse to those of Chief Hickman or City Manager Rogers at the time these communications were made. Rather, Commissioner White made and received these communications as a City official seeking a determination as to the lawfulness of the City's actions.

Similarly, Elliott's TBI interview and any summaries thereof are also subject to the City's attorney-client privilege as such contain information contained in those prior communications.

Although the City believes these communications to be privileged, the City would aver that any decision regarding the communications between Commissioner White and Attorney Elliott should not be made until after the completion of Ethan White's deposition. Commissioner White was deposed by the Plaintiffs on September 11, 2020. However, the deposition had to be adjourned before the Defendants could question him due to a conflict with Commissioner White's schedule. Commissioner White's deposition was scheduled to be re-commenced on December 3, 2020, however, the deposition had to be cancelled due to issues related to COVID-19. The parties have not yet set a date for Commissioner White's re-commenced deposition.

Accordingly, the City requests that the Court enter an order denying the Plaintiffs' motion. Alternatively, the City requests that the Court withhold any ruling as to these two communications as well as Elliott's TBI interview and corresponding summaries until the deposition of Commissioner White can be completed. This would allow the City to more specifically question Commissioner White as to his intentions relative his communication with Elliott.

2. **Commissioner White and Attorney Elliott did not and cannot waive the City's attorney-client privilege in the communications.**

If the privilege is established, it is the City's privilege and Commissioner White did not have the authority to waive it. In *Binelli v. Charter Flint & Karyn Miller*, No. 09-CV-10385, U.S. Dist. LEXIS 158448 at *10 (E.D. Mich June 7, 2010), the district court held a town treasurer could not waive the municipality's attorney-client privilege because the Plaintiff failed

to show it was within the treasurer's actual or apparent authority to waive the attorney client privilege. *Binelli,* U.S. Dist. LEXIS 158448 at *10. The Plaintiffs in this case have presented nothing to show that Commissioner White, who is not the City's mayor or manager, has the actual or apparent authority to, at his sole discretion, waive the City's attorney-client privilege. The fact that Commissioner White may have shared these communications with the Plaintiffs, or anyone else, does not destroy the City's privilege because Commissioner White was not authorized to waive the privilege.

Similarly, regardless of the content of Attorney Elliott's TBI interview he cannot as the City's attorney waive the City's privilege. See *Compluit v. Banctec, Inc.,* 177 F.R.D. 410, 412 (W.D. Mich 1997) (holding privilege rests with client and cannot be waived by attorneys). Notably, Rogers, was a party to the second of these communications, and while he may have the authority to waive attorney-client privilege in these communications as City manager, he has not done so.

3. **All other communications withheld by Chief Hickman's counsel are protected from disclosure by the attorney client privilege.**

The following communications contained in the TBI file and withheld by counsel for Chief Hickman are protected from disclosure by the attorney-client privilege: CID 21, 41, 70, 72, 73, 129, 130, 137 and 138. All of these communications were obtained by the TBI through a search warrant. These communications are between City officials, acting in their official capacities, and Attorney Elliott, were made in confidence and were for the purpose of receiving and giving legal advice relative to the legality of the City's actions. Commissioner White was not a party to these communications.

Further, the fact that the TBI obtained these communications via a search warrant does not destroy the City's privilege because the City has not waived privilege in the communications. That is, the City did not voluntarily provide these emails to the TBI, rather, it was compelled to do so by a search warrant.

For the reasons stated herein, Rogers and the City respectfully request that the Court enter an order denying the Plaintiffs' motion in its entirety. Alternatively, Rogers and the City respectfully request the Court enter an order denying the Plaintiff's motion as it relates to the items discussed in Section 3 and to stay its ruling on the items discussed in Section 1 pending the completion of Commissioner White's deposition.

Respectfully submitted,

**ROBINSON, SMITH & WELLS, PLLC**
Suite 700, Republic Centre
633 Chestnut Street
Chattanooga, TN   37450
Telephone:   (423) 756-5051
Facsimile:   (423) 266-0474

By:  /s/ Keith H. Grant
Keith H. Grant, BPR #023274
Philip Aaron Wells, BPR #036248
*Attorneys for Defendants, City of Collegedale and City Manager Ted Rogers*

## CERTIFICATE OF SERVICE

I hereby certify that on the 2nd day of December, 2020, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

Robinson, Smith & Wells, PLLC

By:   /s/ Keith H. Grant

cc: Janie Parks Varnell, Esquire
Bryan H. Hoss, Esquire
Davis & Hoss, P.C.
850 Fort Wood Street
Chattanooga, TN 37403
*Attorneys for Plaintiffs*

Benjamin K. Lauderback, Esquire
Watson, Roach, Batson, Rowell & Lauderback
900 S. Gay Street, Suite 1500
P.O. Box 131
Knoxville, TN 37901-0131
*Attorney for Chief Brian Hickman*

bl/120220/KHG
collegedaleduckett.response to motion to compel