UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

KOLBY DUCKETT;           )
DAVID SCHILLING; and     )
DAVID HOLLOWAY;          )
                         )
        *Plaintiffs*,    )
                         )    Case No. 1:19-cv-295
v.                       )
                         )    Judge Christopher H. Steger
BRIAN HICKMAN, individually and                )
in his official capacity; TED ROGERS,          )
individually and in his official capacity;     )
and CITY OF COLLEGEDALE, TENN.,                )
                         )
        *Defendants*.    )

## MEMORANDUM AND ORDER

### I.  Introduction

This matter is before the Court upon Plaintiffs' Motion to Compel to Curtis Bowe [Doc. 65]; Third-party Curtis Bowe's Motion to Quash Plaintiffs' Motion to Compel [Doc. 66]; and Defendant Chief Brian Hickman's Motion to Compel as to Non-Party Curtis Bowe [Doc. 72]. The undersigned conducted a videoconference hearing with counsel on January 13, 2021.

### II. Overview

Plaintiffs are former officers with the City of Collegedale. They claim that Collegedale Police Chief Brian Hickman, City Manager Ted Rogers, and the City of Collegedale implemented and operated a quota system for officers in violation of Tennessee Code Annotated § 39-16-516. When Plaintiffs spoke out against what they characterize as an illegal quota system, Chief Hickman, City Manager Rogers, and others allegedly conspired to terminate Plaintiffs' employment. Plaintiffs filed suit, claiming retaliation for exercising their constitutional rights to:

1

. . . communicat[e] with elected officials in the City of Collegedale about their concerns that the City of Collegedale was violating certain Tennessee laws and the constitutional rights of their citizens, and for cooperating with a lawful criminal investigation into the administration of the Collegedale Police Department and the City of Collegedale by the Tennessee Bureau of Investigation.

[Doc. 1].

Collegedale's alleged quota system mandated that officers obtain a baseline number of traffic citations or self-initiated arrests per month. If officers achieved their quota, they would "be more likely to be considered for promotions, newer patrol cars, extra training opportunities, etc." [Doc. 1 at PageID #: 5]. If they failed, "the Department would note the deficiency in the officer's personnel file known as 'write-ups.'" [*Id.*].

Plaintiffs discussed the quota system with Curtis Bowe, a part-time reserve officer with the Collegedale Police Department who also works as a lawyer in private practice. Most of these conversations with Bowe took place while he was on duty as a reserve officer. According to Plaintiffs, "Mr. Bowe was in almost daily contact with Plaintiffs and police administration to include Chief Hickman, Lt. Jack Sapp, Sgt. Jamie Heath, Sgt. Westfield and others . . ." about the quota system. [Doc. 65 at PageID #: 274].

In May 2020, Plaintiffs' counsel subpoenaed Bowe to produce documents and communications related to the quota system. [Doc. 29]. Bowe requested an extension until the end of June. Plaintiffs' counsel agreed to the extension. [Doc. 65 at PageID #: 274].

In June, Chief Hickman, through Attorney Bibb, served Bowe with another subpoena for production of documents. [Doc. 34]. The deadline passed with no response to the subpoena. Plaintiffs' counsel contacted Bowe again on August 3, 2020, and Bowe responded that he was pulling the materials together for delivery on the following Friday. [Doc. 65 at PageID #: 275]. Plaintiffs' counsel then subpoenaed Bowe to testify at a deposition on September 10, 2020. [Doc.

54]. On September 2, 2020, Bowe provided a limited response to the document requests from Attorney Bibb when he forwarded copies of six emails to counsel. Bowe explained that he was compiling additional information; however, Plaintiffs' counsel deny that they received any additional documents from Bowe in response to their May 2020 subpoena.

On September 10, 2020, Bowe, for the first time, informed Plaintiffs' counsel that he was in "possession of potentially privileged communication," and that this privilege extended to "all three Plaintiffs, Chief Hickman, Lt. Jack Sapp, Sgt. Westfield, Sgt. Jamie Heath, and potentially Ted Rogers and City Commissioners." [Doc. 65 at PageID #: 275-76]. With Bowe's deposition set the following day, Bowe said that he could not participate in the deposition because he would be asked about privileged communications, and he indicated that he intended to file a motion to quash the deposition subpoena. [*Id.*]. Bowe then retained Attorney John Cavett, who filed a motion to quash on Bowe's behalf. [*See* Doc. 66]. Bowe asked the Court to quash the deposition subpoena because Bowe's communications with individual officers, Chief Hickman, City Manager Rogers, and others employed within the City of Collegedale, were protected by the attorney-client privilege. [*Id.*].

In response to the motion to quash, Plaintiffs pointed out that Bowe moved to quash only the deposition subpoena, not the subpoena duces tecum [Doc. 69], and that the motion to quash is untimely. [*Id.* at PageID #: 303-04]. Plaintiffs also argued that Bowe's conversations with other employees of the Collegedale Police Department were in his capacity as a reserve police officer, not as an attorney. Chief Hickman, likewise, opposed Bowe's motion to quash and asked the Court to deny the motion outright. Alternatively, Hickman argued that the Court could compel Bowe to testify as to all non-privileged topics and allow counsel to explore the parameters of the alleged privileged information. [Doc. 70].

As to Plaintiffs' Motion to Compel, Chief Hickman responded that he does not specifically oppose the motion to compel, and that he cannot make a fully informed response because he does not know what documents or communications are in Bowe's possession. [Doc. 71 at PageID #: 315]. He agreed that some of his communications with Bowe may be covered by the attorney-client privilege, but Chief Hickman cannot fully respond without reviewing the documents reflecting such communications. [*Id.*]. Chief Hickman then filed his own motion to compel [*See* Doc. 72], asking the Court to compel Bowe to provide certain documents and communications between Bowe and Plaintiffs. [*Id.*].

The City of Collegedale along with City Manager Ted Rogers also filed a response to Plaintiffs' Motion to Compel. [Doc. 73]. Collegedale and Rogers noted that Bowe is not Collegedale's attorney, and that both Collegedale and Rogers are "unaware of any potentially privileged communications between Mr. Rogers and Mr. Bowe." [*Id.* at PageID #: 333].

**III.  Analysis**

The Court notes at the outset that Bowe seeks to quash only the deposition subpoena, not the subpoenas duces tecum. [*See* Doc. 66]. Since there is no objection to the subpoenas requiring Bowe to produce documents, Plaintiffs' Motion to Compel [Doc. 65] and Chief Hickman's Motion to Compel [Doc. 72] will be **GRANTED** to the extent Bowe will be required to disclose the documents and written communications requested in those subpoenas. Bowe shall have 30 days from the entry of this Order to tender his response.

The non-party subpoena for Bowe's deposition is governed by *Federal Rule of Civil Procedure* 45. More specifically, the rule permits parties to command a non-party to attend a deposition, produce documents, or permit inspection of premises. Fed. R. Civ. P. 45(a)(1). It also provides that the person commanded to produce documents may serve an objection on the party

4

or attorney designated in the subpoena within the earlier of fourteen days after the subpoena is served or the time specified for compliance. Fed. R. Civ. P. 45(d)(2)(B). Upon a timely motion to quash, courts "must quash or modify a subpoena" that "fails to allow a reasonable time to comply," "requires disclosure of privileged or other protected matter, if no exception or waiver applies," or "subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A).

Because Plaintiffs seek relief under 42 U.S.C. § 1983, the Court will apply federal privilege law. *See Hancock v. Dodson*, 958 F.2d 1367, 1373 (6th Cir. 1992) ("Since the instant case is a federal question case by virtue of the appellant's section 1983 claim, we hold that the existence of pendent state law claims does not relieve us of our obligation to apply the federal law of privilege."). The attorney-client privilege protects "[c]onfidential disclosures by a client to an attorney made in order to obtain legal assistance. . . ." *Fisher v. United States*, 425 U.S. 391, 403 (1976). But the privilege "protects only those disclosures necessary to obtain informed legal advice which might not have been made absent the privilege." *Id.*

The person asserting privilege—here, Attorney Curtis Bowe—bears the burden of establishing its existence. *United States v. Dakota*, 197 F.3d 821, 825 (6th Cir. 1999) (citing *In re Grand Jury Investigation*, No. 83-2-35, 723 F.2d 447, 450 (6th Cir. 1983)). "Claims of attorney-client privilege are 'narrowly construed because [the privilege] reduces the amount of information discoverable during the course of a lawsuit.'" *In re Columbia/HCA Healthcare Corp. Billing Practices Litig.*, 293 F.3d 289, 294 (6th Cir. 2002) (quoting *United States v. Collis*, 128 F.3d 313, 320 (6th Cir. 1997)).

Bowe's blanket claim of attorney-client privilege is insufficient to quash the subpoena for a deposition. *See United States v. BDO Seidman*, 337 F.3d 802, 811 (7th Cir. 2003) ("The mere assertion of a privilege is not enough; instead, a party that seeks to invoke the attorney-client

5

privilege has the burden of establishing all of its essential elements."). Rule 45(e)(2)(A) requires a person withholding subpoenaed information under a claim of privilege to (1) "expressly make the claim" and (2) "describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim." Fed. R. Civ. P. 45(e)(2)(A). Without that information, neither the parties nor the Court can assess Bowe's privilege claim.

Moreover, Bowe's status as an attorney does not cloak all of his conversations in the attorney-client privilege. "The fact that a person is a lawyer does not make all communications with that person privileged." *U.S. v. Martin*, 278 F.3d 988, 999 (9th Cir. 2002). The privilege extends, for example, only to protect the "disclosure of communications; it does not protect disclosure of the underlying facts by those who communicated with the attorney." *Upjohn Co. v. United States*, 449 U.S. 383, 395 (1981). The communication must also be between the client and their lawyer "for the purpose of obtaining legal advice." *Martin*, 278 F.3d at 100. The City of Collegedale Police Department employed Bowe as a reserve police officer, not as an attorney. The Court requires additional context concerning the conversations between Bowe and others to determine whether any privilege attached. *See Matter of Fischel*, 557 F.2d 209, 212 (9th Cir. 1977) ("An attorney's involvement in, or recommendation of, a transaction does not place a cloak of secrecy around all incidents of such transaction.").

Consequently, The Court will **GRANT** Plaintiffs' Motion to Compel to Curtis Bowe [Doc. 65] and Defendant Chief Brian Hickman's Motion to Compel as to Non-Party Curtis Bowe [Doc. 72], and will **DENY** Curtis Bowe's Motion to Quash Plaintiffs' Motion to Compel [Doc. 66]. Mr. Bowe will be compelled to comply with the deposition subpoena within 60 days of the entry of this Order.

6

## IV. Conclusion

For the reasons set forth above, it is hereby **ORDERED** that:

1. Plaintiffs' Motion to Compel to Curtis Bowe [Doc. 65] and Chief Brian Hickman's Motion to Compel as to Non-Party Curtis Bowe [Doc. 72] are **GRANTED** to the extent Bowe is hereby required to respond to Plaintiffs' and Chief Hickman's discovery requests for documents and written communications within 30 days of the entry of this Order.

2. Plaintiffs' Motion to Compel to Curtis Bowe [Doc. 65] and Chief Brian Hickman's Motion to Compel as to Non-Party Curtis Bowe [Doc. 72] are **GRANTED** to the additional extent that Mr. Bowe will be compelled to comply with the deposition subpoena within 60 days of the entry of this Order.

3. Third-party Curtis Bowe's Motion to Quash Plaintiffs' Motion to Compel [Doc. 66] is **DENIED**.

4. Each party shall be responsible for his or its own costs and attorney fees associated with the motions referenced in this order.

**SO ORDERED.**

/s/ *Christopher H. Steger*
UNITED STATES MAGISTRATE JUDGE