UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| KOLBY DUCKETT, DAVID SCHILLING and DAVID HOLLOWAY, <br><br> Plaintiffs, <br> v. <br><br> CHIEF BRIAN HICKMAN, TED ROGERS, and THE CITY OF COLLEGEDALE, TENNESSEE, <br><br> Defendants. | No. 1:19-cv-00295 <br><br> Judge Christopher H. Steger |

## AGREED PROTECTIVE ORDER

This matter is before the Court upon Plaintiffs' First Motion to Compel to Defendants [Doc. 74]. By agreement of the parties and for good cause shown, the referenced motion [Doc. 74] is **DENIED AS MOOT**. Further, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby **ORDERED** that the parties shall be bound by the following stipulations as to the limited disclosure and use of certain materials in this matter, as more fully described below:

1. Counsel for Chief Brian Hickman agrees to produce—without objection from counsel for the City and Ted Rogers; subject to the provisions below; for discovery purposes only; and without waiving the argument that such documents are subject, in whole or in part, to attorney-client privilege—certain portions of the materials received from the Tennessee Bureau of Investigation pursuant to their January 6, 2020 subpoena, specifically identified below:

   a. CID 239—summary of interview with Collegedale City Attorney Sam Elliott;

   b. Audio recording of interview with Sam Elliott

   c. CID 10—summary of interview with Sam Elliott contained in investigative report

   d. Only those portions of the emails contained at CID 70-77, 92-93, 130-133, and 138-139 for which Collegedale City Commissioner Ethan White was a sender or recipient.

1

2. Counsel for Defendants do not agree to produce those email communications between City Manager Ted Rogers, Chief of Police Brian Hickman and City Attorney Sam Elliott to which Commissioner Ethan White was not a sender or recipient, as the claim of absolute privilege is expressly maintained.

3. As to the documents expressly identified in Paragraph 1 above, Defendants agree to produce those documents for purposes of discovery only. They expressly reserve and maintain the argument that such documents would not be admissible at trial, or subject to consideration upon a Motion for Summary Judgment. All attorney-client privilege claims as to those documents are expressly maintained, and shall not be considered waived by virtue of this agreed production for discovery purposes or any agreement in this Order.

4. The parties agree that the documents produced pursuant to Paragraph 1 shall be considered "Confidential Material" for the purposes of this litigation. Confidential Material may be disclosed only to the following persons:

    a. The attorneys for Parties working on this litigation and all paralegal assistants, stenographic and clerical employees working under the direction of such counsel;

    b. Any person not employed by counsel for the Parties who is expressly retained or sought to be retained by counsel for the parties to assist in preparation of this matter for trial including any expert witnesses retained by either party, with disclosure only to the extent necessary to perform such work;

    c. Any person of whom testimony is taken, except that such person may only be shown copies of Confidential Material during his or her testimony or in preparation thereof and may not retain any of the Confidential Material;

    d. The Plaintiffs;

    e. Defendants, but only to those officers, directors, employees, or agents who are actually involved or participating in this litigation and have a legitimate need to know about the confidential document, item, or information;

    f. The Court, including Court personnel and the jury;

g. Any person to whom disclosure is required by law and not opposed by a party to this action after giving advanced written notice to that party of any intent to disclose confidential documents, items, or information; and

h. Any other person agreed upon in writing by the parties. Attorneys of record shall advise all persons who are given access to Confidential Materials pursuant to this paragraph of the terms of this Order.

5. No person to whom Confidential Materials have been disclosed pursuant to this Order shall copy or use the document, item, or information for any purpose other than as required for purposes of this litigation.

6. To the extent Confidential Materials are used in a deposition, the portion of that deposition transcript which discusses, references or attaches Confidential Materials shall be marked and identified as Confidential and shall be subject to the same restrictions set out in paragraph 4 above.

7. In the event the non-producing party seeks to file Confidential Material with the Court, that party will advise the party which produced the discovery documents in question sufficiently in advance of the intended filing to give the producing party an opportunity to seek a court order, which requires filing those documents under seal. With respect to requests for documents to be placed under seal, this Agreed Protective Order fully incorporates the Court's Memorandum and Order Regarding Sealing Confidential Information [Doc. 5], including the procedures required to obtain leave to file under seal as outlined therein.

8. Nothing in this Order shall prevent the parties from disclosing Confidential Materials pursuant to a valid court order or subpoena.

**SO ORDERED.**

/s/ *Christopher H. Steger*
UNITED STATES MAGISTRATE JUDGE